Ricky-Dean Horton
751 Rosemary Court
Fairfield, California [94533]
Cell: 707-386-9713
RickyDHorton@gmail.com

# United States District Court
## for the
## Northern District of California

Ricky-Dean Horton,

    Plaintiff, Appellant

    v.

PG&E CORPORATION,

- and/or-

PACIFIC GAS AND ELECTRIC COMPANY;

Collectively PG&E,

    Defendant

**Case: 22-cv-06367-HSG**
District Judge Hon. Haywood S. Gilliam, Jr.

San Francisco Bankruptcy Case 19-30088, Hon. Dennis Montali;

**NOTICE OF APPEAL;**

Request for Procedural Process for the Clerk of the 9th District Court to forward this Appeal from the San Francisco Bankruptcy court, PG&E case No. 19-30088, to a higher court of competent jurisdiction.

Request for the appeal fee to be applied to the appellate court of competent jurisdiction.

**Statement of issues;**

1. On October 14, 2022, I filed a notice of interlocutory appeal from the San Francisco Bankruptcy Court, PG&E Case No. 19-30088, the Hon. Dennis Montali presiding, into the 9th District Court, Oakland, *see* 9th District Court Document 1.

2. I provided reasons of why my interlocutory appeal was delayed beyond the time set forth in the Bankruptcy Court's local rules for a timeliness of appeal, *see* 9th district court Document 1;

Case No. 22-cv-06367-HSG;
Notice of Appeal to be forwarded to a higher appellate court of competent jurisdiction.

1

3.   On November 18, 2022, (*see* 9th district court Document 3), I designated records on appeal to be forwarded from the SF Bankruptcy Court to the 9th District Court, to provide the evidence of my allegations that the SF Bankruptcy Court:

   a. failed to follow the rules and procedures that were materially harmful to my case;

   b. denied my right to an oral hearing to address the previous court's orders that I objected to;

   c. failed to rule on motions filed within the SF Bankruptcy Court (and motions still have not yet been properly ruled upon);

   d. made orders that violated my inherent and substantive rights;

   e. among other allegations of wrongful acts by the San Francisco Bankruptcy court.

4.   On March 21, 2023, The Hon Haywood S. Gilliam Jr. in the 9th District Court, Northern California, Oakland, determined that he lacks jurisdiction of my interlocutory appeal from the San Francisco Bankruptcy Court based soley on the timeliness of my appeal in regards to an order of the SF Bankruptcy Court, *see* 9th district court doc. 13;

5.   On April 7, 2023, I filed a motion for Hon Haywood S.Gilliam Jr. to reconsider his opinion and order made in Document 13, *see* Document 14;

6.   On April 14, 2023, I filed a memorandum in support of the motion to reconsider the Hon Haywood S. Gilliam Jr.'s opinion and order, and I again brought attention to the issues that the 9th District Court does have jurisdiction to hear the controversies on appeal from the SF Bankruptcy Court, *see* Doc 15.

7.   On April 19, 2023, District Judge Hon Haywood S. Gilliam Jr. acknowledged my allegations of SF Bankruptcy Court's violations of due process, violations of the Ferderal and Local rules of the court, and other wrongful acts of the SF Bankruptcy court thart were materially harmful to my case, *see* Docket 16, page 1, lines 20-26;

8.   On April 19, 2023, District Judge Hon Haywood S. Gilliam Jr. reaffirmed in his opinion and order that the 9th District Court lacks jurisdiction based soley the timeliness of my appeal, *see* Document 16, lines 27-28;

Case No. 22-cv-06367-HSG;
Notice of Appeal to be forwarded to a higher appellate court of competent jurisdiction.

2

9. District Judge Hon Haywood S.Gilliam Jr.'s order appears to based upon administrative rules or procedures of the lower court;

10. By the order of Hon Haywood S. Gilliam Jr., he tacitly denies having jurisdiction outside of administrative procedures.

11. By the order of Hon Haywood S. Gilliam Jr., he tacitly denies having jurisdiction over violations of the Federal and Local rules by San Francisco Bankruptcy Court, deprivation of my natural, inherent, unalienable, and other substantive rights that are guranteed to be protected under the provisions of the United States Constitution.

Therefore, by Notice of Appeal provided herein, I am requesting that the Clerk of the 9th District Court, Oakland, to forward my interlocutory appeal from the San Francisco Bankruptcy Court, PG&E Case No 19-30088, with all files previously designated to be forwarded to the 9th District Court, which now, among them all, are the 9th District Court's documents, to a higher appellate court established under authority of Article 3 of the United States Constitution, of which court shall be of competent jurisdiction to hear my appeal, at law and equity, in regards to the alleged allegations of the San Francisco Bankruptcy court's violations of due process, and among other wrongful acts of the SF Bankruptcy court.

Since I mistakenly assumed that the 9th District Court had jurisdiction over the wrongful acts of the San Francisco Bankruptcy court, I am also requesting that the appeal fees of $298.00 that were paid for the 9th district court to hear this appeal, to be applied to my appeal to the higher appellate court of competent jurisdiction.

Dated this 5th day of May 2023,

_____
By: Ricky-Dean Horton, Plaintiff/Appellant

*[Seal: Great Seal / For land and sea / House of Horton]*